UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PAUL GODLEY, | No. 2:13-cv-2394 CKD P |
| Petitioner, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner has paid the appropriate filing fee.

I. Background

Petitioner alleges that he is an inmate of the Federal Correctional Institution in Lompoc, California. He is serving a sentence of 120 months after being convicted pursuant to a plea agreement. (ECF No. 1 at 1-2.) Petitioner does not set forth the charge(s) to which he pled or the district in which he was convicted and sentenced. Petitioner nonetheless asserts that the sentencing judge failed to impose the "mandatory minimum 60 month sentence and departed upward to 120 months with no . . . factual basis[.]" (Id. at 2.) Petitioner asserts that "the upward departure from the statutory mandatory minimum 60 month sentence was unconstitutional"

1

because it was arbitrary, capricious, and not supported by the evidence, in violation of petitioner's Sixth Amendment right to a jury trial.[1]  (Id. at 2.)  Petitioner asserts that his Constitutional rights were further violated when his attorney rendered ineffective assistance of counsel by failing to object to the enhancement, and when he was denied a speedy trial.  (Id. at 2, 10.)  Petitioner also seeks custodial credit for the twelve months that he was confined to his home and monitored by a GPS ankle bracelet, prior to sentencing.  (Id. at 14-15.)

II. Legal Standard

Relief under a petition for writ of habeas corpus extends to a person in custody under the authority of the United States.  28 U.S.C. § 2241(c)(3).  A federal prisoner may "challenge the manner in which a sentence is executed" by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998).  A petition under 28 U.S.C. § 2241 "must be addressed to the district court which has jurisdiction over [petitioner] or his custodian."  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980), citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973).

In contrast, a federal prisoner who wishes to challenge his conviction or sentence on the grounds it was imposed in violation of the Constitution or laws of the United States or was otherwise subject to collateral attack must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  In such cases, the motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); Tripati, 843 F.2d at 1163.

III. Analysis

Having reviewed the petition, the undersigned concludes that, while most of petitioner's claims should have been brought under § 2255, he may have a cognizable claim under §2241 that

---

[1] "The Sixth Amendment provides that those 'accused' of a 'crime' have the right to trial 'by an impartial jury.'  This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt."  Alleyne v. United States, 133 S. Ct. 2151, 2156 (2013), citing United States v. Gaudin, 515 U.S. 506, 510 (1995).

1  his time served while in GPS-monitored pre-trial release should be credited toward his sentence.[2]
2  Petitioner is incarcerated in Santa Barbara County, which lies in the Central District of California.
3  See 28 U.S.C. § 84(a). As a petition under § 2241 "must be addressed to the district court which
4  has jurisdiction over [petitioner] or his custodian," Brown, 610 F.2d at 677, this action will be
5  transferred to the United States District Court for the Central District of California.
6      If petitioner also seeks to challenge his sentence under § 2255, he should file a separate
7  motion under § 2255 in the district of the sentencing court.
8      In accordance with the above, IT IS HEREBY ORDERED that this matter is transferred to
9  the United States District Court for the Central District of California.
10 Dated: February 11, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / godl2394.2241

---

[2] The court makes this preliminary assessment for purposes of determining whether to transfer the petition or dismiss it entirely. It is not intended to be a "screening" of petitioner's claim under Rule 4 of the Rules Governing Section 2254 Cases.

3